Benjamin Folkman, Ostrager, Fieldman & Zucker, Bala Cynwyd, Pa., for plaintiff-appellee, Puritan Ins. Co.

**PURITAN INSURANCE COMPANY,**
Plaintiff–Appellee,

**and**

**Twin City Fire Insurance Company,**
Intervening Plaintiff–Appellee,

v.

**ALDAN RUBBER COMPANY,**
Defendant–Appellant.

No. 88–1568.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Dec. 15, 1988.

Decided Feb. 1, 1989.

Rehearing and Rehearing In Banc
Denied Feb. 24, 1989.

Before GIBBONS, Chief Judge, and HUTCHINSON and HUNTER, Circuit Judges.

OPINION OF THE COURT

GIBBONS, Chief Judge.

Aldan Rubber Company, a manufacturer of polyurethane coatings, and an insured under general liability insurance policies issued by Puritan Insurance Company and Twin City Fire Insurance Company, appeals from a summary judgment in favor of the insurance companies in their action seeking a declaratory judgment that they need not defend or indemnify in connection with a suit against Aldan pending in the United States District Court for the District of Delaware.

Puritan Insurance Company has moved to dismiss Aldan's appeal against it as untimely because the summary judgment against it was entered on February 8, 1988, and the notice of appeal was filed on July 21, 1988. The motion will be denied. When Twin City Fire Insurance Company was permitted to intervene the case fell

within the terms of Fed.R.Civ.P. 54(b). No final judgment was entered, therefore, until the court granted Twin City's summary judgment motion on June 22, 1988. Thus the appeal was timely.

The underlying claim is *East–Wind Industries, Inc. v. Aldan Rubber Company,* Civil Action No. 86–27 (D.Del.). It alleges that it purchased coated fabric from Tan–Tex Industries, Inc. to use in manufacturing parkas for the military, that Aldan manufactured the polyurethane coating on the fabric, which it certifies would produce fabric which complied with MIL–C43906A.

The policy exclusion on which the district court relied in granting summary judgment to the general liability insurers reads:

This insurance does not apply:

(m) to loss of use of tangible property which has not been physically injured or destroyed resulting from:

(1) a delay in or lack of performance by or on behalf of the named insured of any contract or agreement, or

(2) the failure of the named insured's product or work performed by or on behalf of the named insured to meet the level of performance, quality, fitness or durability warranted or represented by the named insured; but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the named insured's product or work performed by or on behalf of the named insured after such products or work have been put to use by any person or organization other than an insured.

Aldan contends that this exclusion does not apply because the East–Wind Industries, Inc. complaint does not allege a "loss of use of tangible property ... resulting from: (2) the failure of the named insured's product ... to meet the level of performance, quality, fitness or durability warranted or represented by the named insured ...." Our review of the summary judgment is plenary. Like the district court, we conclude that the East–Wind claim falls squarely within the exclusion.

*See, e.g., Unifoil v. CNA,* 218 N.J.Super. 461, 528 A.2d 47 (App.Div.1987).

Alternatively Aldan contends that there are material issues of disputed fact as to whether, assuming exclusion (m)(2) applies, the exception to that exclusion for "sudden and accidental physical injury to or destruction of the named insured product or work" also applies. This contention does not appear to have been advanced in the district court in opposition to the summary judgment. It is in any event without merit, for the East–Wind complaint cannot fairly be read as alleging any sudden and accidental physical injury to or destruction of the coating manufactured by Aldan. It alleges only that the sealant supplied by Aldan peeled off the polyurethane coating which the insured added. In *Imperial Casualty and Indemnity Company v. High Concrete Structures, Inc.,* 858 F.2d 128 (3d Cir.1988), it was conceded that pitting of washers was a physical damage and the lack of such damage was not argued. Thus it is not controlling here.

The judgment appealed from will therefore be affirmed.

JAMES HUNTER, III, Circuit Judge, concurring in part and dissenting in part.

I respectfully dissent. While I agree with the majority that Aldan's appeal is timely, I cannot concur with its conclusion that exclusion (m)(2) of the Aldan–Puritan insurance policy and exclusion (h)(2) of the Aldan–Twin City insurance policy excuses Puritan and Twin City from defending Aldan in the suit brought by East–Wind. Unless I am mistaken, this case is resolved by our recent decision in *Imperial Cas. & Indem. Co. v. High Concrete Structures, Inc.,* 858 F.2d 128 (3d Cir.1988), and not *Unifoil Corp. v. CNA Ins. Cos.,* 218 N.J. Super. 461, 528 A.2d 47 (App.Div.1987).

The exclusion in the Aldan–Puritan policy states:

This insurance policy does not apply:

(m) to loss of use of tangible property which has not been physically injured or destroyed resulting from:

(1) a delay in or lack of performance by or on behalf of the named insured of any contract or agreement, or

(2) the failure of the named insured's product or work performed by or on behalf of the named insured to meet the level of performance, quality, fitness or durability warranted or represented by the named insured; but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the named insured's product or work performed by or on behalf of the named insured after such products or work have been put to use by any person or organization other than an insured.

The language in exclusion (h)(2) of the Aldan–Twin City policy is identical.

In the underlying action, East–Wind has sued Aldan for negligence, breach of implied warranty, and breach of express warranty. East–Wind alleges that as a result of Aldan's defective waterproofing, 300,000 square yards of material was ruined.

Parsing the language of the exclusion, I agree with all the parties and the district court that the phrase "loss of use of tangible property" refers to the East–Wind's material, subsequently made into parkas. As was the case in *High Concrete Structures*, "the purchaser [East–Wind through Tan–Tex Industries] created a new product [coated material] having a value in excess of the value of the product supplied by the insured [waterproofing], and suffered damage to more than just the insured's product." *High Concrete Structures*, 858 F.2d at 134–35 (citing *Pittsburgh Plate Glass Co. v. Fidelity & Cas. Co. of NY*, 281 F.2d 538, 541 (3d Cir.1960)).

The critical question in interpreting the exclusion in this case is whether East–Wind's material was "physically injured." If East–Wind's material was physically injured, then the exclusion does not apply. *Id.* at 136. On the other hand, if East–Wind's material was not physically injured, then there is no insurance coverage for the

"loss of use of tangible property ... resulting from: (2) the failure of the named insured's product ... to meet the level of performance, quality, and fitness or durability warranted or represented by the named insured ...." Majority at 649 (excerpting from exclusion (m)(2)).

In *High Concrete Structures*, we held that an identical exclusion did not apply because the final products, washers, were physically injured; the washers were damaged and hence useless. *Id.* at 136. I do not see how this case, where East–Wind's property was also damaged, is any different from *High Concrete Structures*. Since the damaged goods did not belong to the insured, the exclusion does not apply.

Finally, the district court's reliance on *Unifoil* is misplaced. Unlike Aldan, which produced only the waterproofing, the insured in *Unifoil* produced the entire coated product. Consequently, in applying the exclusion, the Appellate Division relied heavily on the fact that there was *no* injury "to other tangible property;" all that was harmed were "intangible enhancements" of the insured's property. *Unifoil*, 218 N.J. Super. at 469–71, 528 A.2d at 51–53. East–Wind's complaint thus is dispositively distinguishable from the underlying complaint in *Unifoil* because East–Wind's material was hardly an "intangible enhancement" of Aldan's waterproofing and because East–Wind's material was not, according to *High Concrete Structures*, Aldan's product.

In sum, East–Wind's material has allegedly been physically injured by Aldan's substandard waterproofing. Consequently, Aldan's insurers, Puritan and Twin City, have a duty to defend as the plain language of the exclusion at issue and our recent decision in *High Concrete Structures* demonstrate. Therefore, I dissent.[1]

---

1. Because the district court did not consider the application of the sistership exclusion, I would remand to the district court.